## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| SHELLY N. MARKS,<br>　　　　　*Plaintiff,*<br>v.<br>NOVO NORDISK A/S, AND NOVO NORDISK INC.,<br>　　　　　*Defendant(s).* | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27  (ECF) 503.

1

## IDENTIFICATION OF PARTIES

### Plaintiff(s)

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): <u>SHELLY N. MARKS</u>.

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: <u>N/A</u>, as _____ of the estate of _____, deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): <u>N/A</u>.

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services:  <u>N/A</u>.

### Defendant(s)

5.      Plaintiff(s)/Decedents Representative is/are suing the following Defendant(s) (check all that apply):

☑ Novo Nordisk Inc.

☑ Novo Nordisk A/S

☐ Eli Lilly and Company

☐ Lilly USA, LLC

☐ Other(s) (identify):_____.

## JURISDICTIION AND VENUE

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a

Decedent, Decedent's last permanent residence):

Plaintiff is, and at all times hereto was,  a citizen of the United States of America and is presently domiciled in the State of Louisiana, maintaining her principal residence in the city of Baton Rouge, East Baton Rouge Parish, Louisiana. At the time in which a substantial part of the events or omissions and injury(ies) occurred giving rise to this claim, Plaintiff resided in the city of Loxahatchee, Palm Beach County, Florida.

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Plaintiff's Physician(s) ("prescribing physician(s)") prescribed the Ozempic that was used by the Plaintiff in the city of Loxahatchee, Palm Beach County, Florida.

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Plaintiff was domiciled in the city of Loxahatchee, Palm Beach County, Florida at the time of her use of the GLP-1 Ra Product(s) at issue.

9.      City and state of Plaintiff(s)/Decedent's residence at time of diagnosis of injury: Plaintiff was domiciled in the city of Loxahatchee, Palm Beach County, Florida at the time she first experienced and was diagnosed with the injuries forming the basis of this action arising from her use of Ozempic (semaglutide). Plaintiff was subsequently diagnosed with gastroparesis, gastroparesis-like sequelae, and lack of desire to eat after relocating to and becoming domiciled in Baton Rouge, East Baton  Rouge Parish, Louisiana.

10.     Jurisdiction is based on:

3

☑Diversity of citizenship pursuant to 28 U.S.C. § 1332

☐ Other (plead in sufficient detail as required by applicable rules):

_____.

11.    The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14 and/or to where remand could be ordered:

Southern District of Florida, West Palm Beach Division.

12.    Venue is proper in the District Court identified in Paragraph 11 because:

☑    a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there.

☐    other (plead in sufficient detail as required by applicable rules):

_____.

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____.

**PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

☑    Ozempic (semaglutide)

☐    Wegovy (semaglutide)

☐    Rybelsus (oral semaglutide)

☐    Victoza (liraglutide)

4

☐    Saxenda (liraglutide)

☐    Trulicity (dulaglutide)

☐    Mounjaro (tirzepatide)

☐    Zepbound (tirzepatide)

☐    Other(s) (specify):

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s) (if multiple products, specify date range(s) for each product):

The Plaintiff used the medication Ozempic (semaglutide), manufactured by Novo Nordisk A/S, et al from approximately May of 2022 through approximately January 2024.

## INJURIES AND DAMAGES

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

☑    Gastroparesis

☑    Other gastro-intestinal injuries (specify) nausea, vomiting, intractable abdominal pain, diarrhea, gastric ulcers, enteritis, gastroparesis like sequelae, and transient small bowel intussusception.

☐    Ileus

☐    Ischemic Bowel/Ischemic Colitis

5

☐   Intestinal Obstruction

☐   Necrotizing Pancreatitis

☐   Gallbladder Injury (specify) _____ .

☑   Micronutrient Deficiency

☐   Wernicke's encephalopathy

☐   Aspiration

☐   Death

☑   Additional/Other(s)  (specify):  reactive  hypoglycemia,  visual  disturbances, including  floaters  and  blurred  vision,  seizure-like  symptoms  and  their sequalae,  stroke-like symptoms and their sequelae, unintentional weight loss and lack of desire to eat.

17.   Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Beginning  in  January  2024,  Plaintiff  developed  reactive  hypoglycemia  and seizure-like  episodes,  followed  by  recurrent  neurologic  symptoms,  prompting discontinuation of Ozempic (semaglutide) on or about January 29, 2024. In April 2024, Plaintiff experienced two acute neurologic events requiring hospitalization for recurrent neurologic symptoms, including seizure and/or stroke-like symptoms. Plaintiff also reported visual disturbances (including floaters and blurred vision) that  predated  the  April  admissions.  From  June  16–19,  2024,  Plaintiff  was hospitalized for severe gastrointestinal distress with intractable abdominal pain, vomiting,  and  diarrhea  and  was  diagnosed  with  gastric  ulcers,  enteritis,  and transient small bowel intussusception, and micronutrient deficiencies. Thereafter, Plaintiff  continued  to  experience  persistent  intractable  abdominal  pain  and

recurrent nausea and vomiting requiring prescription antiemetic therapy, reflecting chronic, clinically significant gastrointestinal impairment. In January and February 2025, Plaintiff was again hospitalized for persistent abdominal pain with nausea and vomiting, unintentional weight loss, decreased oral intake, lack of desire to eat, and poor appetite, consistent with ongoing gastrointestinal dysfunction. On or about April 3, 2025, Plaintiff underwent a gastric emptying study (GES) which revealed gastroparesis and related sequelae, which the treating physician linked to her prior use of a GLP-1 medications.

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, paid and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

☑ Injury to self

☐ Injury to person represented

☑ Economic loss

☐ Wrongful death

☐ Survivorship

☐ Loss of Services

☐ Loss of consortium

☐ Other(s) (specify):_____.

## **CAUSES OF ACTION**

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the

7

following causes of Action and allegations asserted int eh Master Complaint (check all that apply):

☑ Count I:      Failure to Warn – Negligence

☑ Count II:     Failure to Warn – Strict Liability

☑ Count III:    Breach of Express Warranty/Failure to Conform to Representations

☑ Count IV:     Breach of Implied Warranty

☑ Count V:      Fraudulent Concealment/Fraud by Omission

☑ Count VI:     Fraudulent/Intentional Misrepresentation

☑ Count VII:    Negligent Misrepresentation/Marketing

☑ Count VIII:   Strict Product Liability Misrepresentation/Marketing

☑ Count IX:     Innocent Misrepresentation/Marketing

☑ Count X:      Unfair Trade Practices/Consumer Protection (see below)

☑ Count XI:     Negligence

☑ Count XII:    Negligent Undertaking

☑ Count XIII:   State Product Liability Act (see below)

☐ Count XIV:    Wrongful Death

☐ Count XV:     Loss of Consortium

☐ Count XVI:    Survival Action

☐ Other(s) (specify, and on separate pages, plead additional facts supporting any

above claim in sufficient detail as required by applicable rules): _____.

20.     If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above.*

    a.   Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

F.S.A § 817.06(1), entitled Misleading advertisements prohibited; penalty and F.S.A § 817.41(1) and (6), entitled Misleading advertising prohibited Practices which includes a provision allowing for the award of reasonable costs, damages attorney fees, punitive damages in addition to the actual damages proven in addition to all other remedies prescribed by law.  See also F.S.A § 501.201 through 501.213, Commonly known as the "Florida Deceptive and Unfair Trade Practices Act.," which was passed to make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection and which also sets forth a cause of action by an individual for damages, plus attorney fees and court costs.

    b.   Identify the factual allegations supporting those claims (by subsection, if applicable:

Defendants misled consumers regarding the safety and risks associated with use of their Glp-1 RA Products, by overstating benefits and understating risks from using the products. For more particular facts, see Counts I through X and XIII, of the Amended Master Complaint (Doc. No 481) and the Factual Allegations Section of the Amended Master Complaint, paragraphs 29 through 110 and paragraphs 153 through 603.

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.      If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") pf any jurisdiction as identified in Count XIII above.\*

a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

F.S.A § 672.313 through 672.318, including F.S.A § 672.313, Express warranties by affirmation, promise, description, sample; F.S.A § 672.314, Implied warranty; merchantability; usage of trade; F.S.A § 672.315, Implied Warranty; fitness for particular purpose; and also, F.S.A § 672.715, Buyer's incidental and consequential damages.

b.  Identify the legal theories identified in Paragraph 19 above (*e.g.,* negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim: See Counts 1 through X and XIII of the Amended Master Complaint. Including, Failure to Warn – Negligence; Failure to Warn – Strict Liability; Breach of Express Warranty/Failure to Conform to Representations; Breach of Implied Warranty; Fraudulent Concealment/Fraud of Omission; Fraudulent/ Intentional Misrepresentation; Negligent Misrepresentation/Marketing; Innocent Misrepresentation/Marketing; Unfair Trade Practices/Consumer Protection; Negligence; Negligent Undertaking; and the provisions of Florida Products Liability Law as set forth above.

c.  Identify the factual allegations supporting those claims:

<u>Defendants as both a seller and manufacturer of the GLP-1 Products produced a Defective product that was inherently unsafe and known to be unsafe to the ordinary consumer, and which Defendants knew could have been designed to be safer, and that would cause injury as produced and sold. Defendants also failed to provide adequate warnings, or information with regard to their product and misled consumers regarding the safety and risks associated with use of their GLP-1 Products, by overstating benefits and understating risks from using the products. For more particular facts, see Counts I through XIII of the Amended Master Complaints (Doc. No. 481) and the Factual Allegations Section of the Amended Master Complaint, paragraphs 29 through 110 and paragraphs 153 through 603.</u>

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? <u>N/A.</u> If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint,* as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

11

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: <u>April 2, 2026</u>.                                    By:

**/s/Wesley K. Elmer**
Wesley K. Elmer (LA BAR NO. 23724)
Nicholas Rockforte (LA BAR NO. 31305)
Derrick G. Earles (LA BAR NO. 29570)
David C. Laborde (LA BAR NO. 20907)
LABORDE EARLES LAW FIRM
1901 Kaliste Saloom Rd.
Lafayette, LA 70508
P: (337) 261-2617
F: (337) 261-1934
wesley@onmyside.com
nicholas@onmyside.com
digger@onmyside.com
david@onmyside.com


*Attorneys for Plaintiff, Shelly N. Marks*

12